**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-5028**

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

        v.

JOSEPH VAN SACH,

              Defendant – Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.  Irene M. Keeley, District Judge.  (1:09-cr-00003-IMK-JSK-1)

Submitted:  October 19, 2010          Decided:  January 28, 2011

Before NIEMEYER, AGEE, and KEENAN, Circuit Judges.

Affirmed in part; dismissed in part by unpublished per curiam opinion.

L. Richard Walker, Senior Litigator, FEDERAL PUBLIC DEFENDER OFFICE, Clarksburg, West Virginia, for Appellant.  David Earl Godwin, Assistant United States Attorney, Clarksburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joseph Van Sach pled guilty, pursuant to a written plea agreement, to aiding and abetting an assault with a dangerous weapon, in violation of 18 U.S.C. §§ 2, 113(a)(3) (2006). He was sentenced to sixty months' imprisonment. On appeal, Van Sach's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which he states there are no meritorious issues for appeal, but questions whether the district court erred in accepting Van Sach's guilty plea and in concluding that Van Sach's plea was knowing, intelligent, and voluntary; and whether counsel below was ineffective. Van Sach has filed a pro se supplemental brief. The Government has moved to dismiss Van Sach's appeal based upon a waiver of appellate rights in his plea agreement.

This court reviews the validity of a waiver de novo, United States v. Brown, 232 F.3d 399, 402-03 (4th Cir. 2000), and will uphold a waiver of appellate rights if the waiver is valid and the issue being appealed is covered by the waiver. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). A waiver is valid if the defendant's agreement to the waiver was knowing and voluntary. United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992); United States v. Wessells, 936 F.2d 165, 167 (4th Cir. 1991).

To determine whether a waiver is knowing and intelligent, this court examines "the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement." United States v. General, 278 F.3d 389, 400 (4th Cir. 2002) (internal quotation marks omitted). Generally, if a district court fully questions a defendant regarding the waiver of appellate rights during the Fed. R. Crim. P. 11 colloquy, the waiver is valid. Wessells, 936 F.2d at 167-68. In this case, our review of the record leads us to conclude that Van Sach's waiver of his right to appeal was knowing and voluntary.

Because Van Sach did not move in the district court to withdraw his guilty plea, any error in the Rule 11 hearing is reviewed for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). The record reveals that the district court substantially complied with the requirements of Rule 11 in accepting Van Sach's guilty plea, and ensured that Van Sach's plea was knowing and voluntary and supported by a sufficient factual basis. See United States v. DeFusco, 949 F.2d 114, 116, 119-20 (4th Cir. 1991).

While Van Sach did execute an otherwise valid appellate waiver at the time he entered his guilty plea, claims of ineffective assistance of counsel are generally exempt from

3

the ambit of such waivers. See United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005); United States v. Attar, 38 F.3d 727, 732 (4th Cir. 1994). Accordingly, we deny the motion to dismiss in part because we do not agree that Van Sach has waived his right to make ineffective assistance of counsel claims on appeal.

That said, claims of ineffective assistance of counsel are generally not cognizable on direct appeal. United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). Rather, to allow for adequate development of the record, a defendant must bring his claim in a 28 U.S.C.A. § 2255 (West Supp. 2010) motion. Id. An exception exists when the record conclusively establishes ineffective assistance. United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999).

We have reviewed the record and conclude that ineffective assistance of counsel is not present on its face. The claim is therefore not cognizable on direct appeal. Accordingly, we grant the Government's motion to dismiss in part, affirm in part, and dismiss in part. In accordance with Anders, we have reviewed the entire record in this case and Van Sach's pro se supplemental brief and have found no meritorious issues for appeal that are not encompassed by the appeal waiver. This court requires that counsel inform Van Sach, in writing, of the right to petition the Supreme Court of the United States for

4

further review.  If Van Sach requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Van Sach.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART;</u>
<u>DISMISSED IN PART</u>